IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **NATALIE KING,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. |
| | : | |
| | : | |
| **TUSKEGEE UNIVERSITY;** | : | |
| | : | |
| | : | |
| Defendant. | : | |

_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Natalie King ("Plaintiff"), and hereby files this, Complaint alleging as follows:

**NATURE OF THE ACTION**

1.

This is an action for declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendant Tuskegee University's unlawful practices, including but not limited to, discrimination by failure to promote and unlawful retaliation against Plaintiff due to her gender and participation in protected processes in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII") and Title IX of the Education Amendments of 1972, as amended 20 U.S.C. §1681-§1688 ("Title IX").  Plaintiff

also seeks to recover unpaid overtime compensation as set out in the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA").

## THE PARTIES, JURISDICTION AND VENUE

2.

Plaintiff is a woman and current employee of Tuskegee University. Plaintiff is a resident of the State of Alabama, Macon County. At all relevant times, she met the definition of an "employee" under all applicable statutes and is part of a protected group.

3.

Defendant, Tuskegee University, ("Defendant") is an independent and state-related land grant institution of higher education located in Macon County, Alabama. Defendant receives funding provided by tax payers from both the State of Alabama and the United States. Defendant is a corporation organized and existing under the laws of the State of Alabama and is a corporate citizen thereof. Defendant is also an enterprise engaged in commerce as defined by 29 U.S.C. § 203 (s)(1).

4.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under Title VII, Title IX and the FLSA.

5.

Venue is proper under 28 U.S.C. § 1391 because the cause of action arose in Macon County, Alabama, which is situated within the district and divisional boundaries of the Middle District of Alabama.

## CONDITIONS PRECEDENT

6.

Plaintiff has complied with all statutory prerequisites to her Title VII claim, having alleged discrimination on the basis of sex through a charge with the Equal Employment Opportunity Commission ("EEOC") on or about November 19, 2024 attached hereto as Doc. 1-3.  Due to continued discrimination and retaliation arising from the same set of factual circumstances, Plaintiff filed an additional charge on January 8, 2025.

7.

The EEOC issued a Notice of Right to Sue on February 11, 2025 and this action was instituted within ninety (90) days of receipt thereof.  A copy of the Right to Sue is attached hereto as Doc. 1-4.

## FACTUAL ALLEGATIONS

8.

Plaintiff began working at Tuskegee University in 2012 as a secretary for Residence Life and Interim Hall Director.

9.

In June of 2014 Plaintiff transferred to the Tuskegee University Police Department ("TUPD') and after completing police academy training in February of 2015 Plaintiff became a certified police officer. Since finishing the police academy, Plaintiff has received post certification leadership training and attended the FBI Academy.

10.

Plaintiff worked her way up through the TUPD and became the Assistant Chief of Police in 2022, also serving as the Interim Chief of Police in 2023. As the Interim Chief of Police, Plaintiff performed all of the duties of the Chief of Police.

11.

While serving as the Interim Chief of Police, Plaintiff notified then university president Dr. Charlotte Morris, of discriminatory acts taken against her by then Tuskegee University Chief Financial Officer ("CFO"), Dexter Odom, who, at the time was the party to whom the Chief of Police reported to under the organizational chart of Tuskegee University attached hereto as Doc. 1-5.

Dr. Morris took no action regarding Plaintiff's complaint and Plaintiff subsequently filed a complaint with Defendant's Human Resources Office, Office of Title IX, the Department of Education Office of Civil Rights and through the anonymous university Lighthouse complaint portal. The Title IX Coordinator was terminated during the investigation of Plaintiff's complaint and the HR and Lighthouse complaints have not yet been resolved. After filing the complaints, Plaintiff was demoted from the position of Interim Chief of Police by CFO Dexter Odom and was replaced by a former Chief of Police, a man, who had been removed for not obtaining the required credentials.

12.

Plaintiff applied for the open position of Chief of Police. Despite her education, experience and indication from the Chairwoman of the Tuskegee University Board of Trustees Norma Clayton that she would be promoted to the Chief of Police position, Plaintiff did not receive an interview for the position and was ultimately not promoted to the position. Defendant hired Terrance Calloway as the Chief of Police. Calloway was terminated following a mass shooting on the campus of Tuskegee University.

13.

Prior to his termination Chief Calloway placed Plaintiff on a twelve-hour shift, during which Plaintiff engaged in full time law enforcement duties. After

being placed on the shift and not receiving overtime pay, Plaintiff met with Human Resource Officer, Cassandra Tarver-Ross, regarding Plaintiff's classification as exempt from overtime.  Ms. Tarver-Ross advised Plaintiff that she was not a police officer engaged in law enforcement activities, rather Plaintiff's position was administrative and thus not eligible for overtime.  As both the Assistant Chief of Police and on the shift, Plaintiff engaged in law enforcement activities more than eighty (80%) percent of her work period.

14.

Following the termination of Terrance Calloway, on or about November 11, 2024, current Tuskegee University President Mark Brown, announced the hiring of Frank Lee.  According to President Brown, Plaintiff was to report to Mr. Lee although Mr. Lee is not a certified police officer and has no law enforcement experience.  Plaintiff's job description incorporated herein as Doc. 1-6 provides that in the absence of the Chief of Police, the Assistant Chief of Police assumes the duties of the Chief of Police.

15.

As Frank Lee lacked the qualifications and certifications required to lead a police department, President Mark Brown appointed Christopher Fails to the position of Interim Chief of Police.

16.

Under the leadership of Interim Chief Christopher Fails, salaries for the police department were raised. Male officers in the department received raises between $11,000.00 and $13,000.00 while Plaintiff's salary was only increased by $5,000.00.

17.

Including the replacement when Plaintiff was removed as Interim Chief, five men have been selected for the Chief of Police position, none of whom have more education, training and experience than Plaintiff.

18.

Interim Chief Christopher Fails, Frank Lee and a consultant brought in to evaluate and improve the processes of the TUPD have all noted that Plaintiff is qualified for the position of Chief of Police and should have received the position. Additionally, the former Chief for whom Plaintiff worked under recommended Plaintiff for the position of Chief of Police upon his retirement.

## CAUSES OF ACTION

### Count 1

**Discrimination on the basis of sex in Violation of Title VII**

19.

Plaintiff hereby repeats, re-alleges and incorporates each and every allegation set forth in paragraphs 1 through 18, inclusive, as if fully set forth herein.

20.

Defendant has discriminated against Plaintiff on the basis of her sex, in terms of her employment, by failing and refusing to promote Plaintiff in violation of Title VII.

21.

The continuous and repeated sex discrimination and retaliation inflicted upon Plaintiff reflect Defendant's pattern and practice of sex discrimination, which created a hostile work environment in clear violation of Title VII. As a direct and proximate result of Defendant's unlawful discriminatory conduct and retaliation, which was malicious, willful and wanton, Plaintiff has suffered harm and is therefore entitled to an award of compensatory and punitive damages along with other relief against Defendant.

**Count 2**

**Failure to pay overtime in violation of FLSA**

22.

Plaintiff hereby repeats, re-alleges and incorporates each and every allegation set forth in paragraphs 1 through 21, inclusive, as if fully set forth herein.

23.

This cause of action is brought by Plaintiff, to recover unpaid overtime compensation as set out in 29 U.S.C. § 207.

24.

Defendant purposefully misclassified Plaintiff as exempt under Section 13(a)(1) of the FLSA despite the fact that the exemption does not apply to police officers as noted in 29 C.F.R. § 541.3 (b), the regulation promulgated to implement and interpret the FLSA.

25.

At all times material to this action, Plaintiff was an "employee" of Defendant as defined by 29 U.S.C. § 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within three (3) years preceding the filing of this lawsuit.

26.

At all times material to this cause of action, Plaintiff was directly employed as a member of law enforcement, was certified by the Alabama Peace Officers' Standards and Training Commission and engaged in law enforcement activities.

27.

Defendant has been aware of the requirements of the FLSA and its corresponding regulations providing for overtime compensation for employees. Despite this knowledge, Defendant failed to pay Plaintiff mandatory lawful overtime compensation in compliance with the FLSA.

28.

Plaintiff's duties as a law enforcement officer comport with the requisite statutory and regulatory requirements of personnel engaged in law enforcement activities so to require Defendant pay her overtime compensation.

29.

Plaintiff has suffered damages in the form of unpaid overtime compensation.

30.

As a result of Defendant's violation of the FLSA, Plaintiff seeks, and is entitled to, all unpaid overtime compensation, an equal amount of liquidated damages and/or pre-judgment interest, and reasonable attorney's fees, including the costs and expenses of this action pursuant to 29 U.S.C. § 216 (b).

## Count 3

## Retaliation in Violation of Title IX

31.

Plaintiff hereby repeats, re-alleges and incorporates each and every allegation set forth in paragraphs 1 through 30, inclusive, as if fully set forth herein. As noted above, Plaintiff filed a complaint with the Office of Title IX after no action was taken on her complaint to then university President Charlotte Morris.

32.

After the Office of Title IX informed the then CFO Dexter Odom of the complaint against him, Plaintiff was demoted from the position of Interim Chief of Police by Mr. Odom in retaliation for filing the Title IX complaint against him.

33.

Defendant had the authority to initiate corrective action for the above-described retaliatory conduct of Dexter Odom, the university's CFO.

34.

Defendant further retaliated against Plaintiff by ignoring her valid complaints regarding the retaliatory actions and failing to initiate any corrective action in response to the complaints made regarding the retaliatory conduct.

35.

Defendant acted with deliberate indifference to its sufficient, actual notice of the retaliatory conduct related to Plaintiff's involvement in protected Title IX activities and as a result of her complaints continually subjected her to a retaliatory hostile work environment.

36.

As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of Title IX, Plaintiff has suffered harm and is therefore entitled to an award of compensatory and punitive damages along with other relief against Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter an Order which will:

a. Declare the conduct engaged in by Defendant to be unlawful and in violation of Plaintiff's rights;
b. Enter appropriate declaratory and injunctive relief;
c. Award Plaintiff compensatory damages against Defendant, in an amount that will fully compensate her for the injuries, distress, anguish, pain, humiliation, embarrassment, suffering, and concern that she has endured as a direct and/or proximate result of the violations of law as set out herein;
d. Enter a judgment against Defendant for such punitive damages as will properly punish Defendant for the statutory and common law violations as alleged herein against Plaintiff, in an amount that will serve as a deterrent to Defendant and others from engaging in similar conduct in the future;
e. Award Plaintiff pre-judgment and post-judgment interest at the highest rate allowable by law;
f. Award Plaintiff attorney's fees and costs associated with this action;

g. Assume continuing and indefinite jurisdiction to ensure compliance with the terms of the Orders requested herein; and
h. Award Plaintiff such other and further relief, including equitable relief, this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Respectfully submitted this 21st day of March, 2025.

/s/ Tiffany Johnson Cole
Tiffany Johnson Cole
(JOH173)
Attorney for Plaintiff
LAW OFFICES OF ROBERT SIMMS THOMPSON, PC
308 North Elm Street
Tuskegee, AL 36083
tnijohnson@aol.com

`