IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| NATALIE KING, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No.: 3:25-cv-00223-KFP |
| ) | |
| TUSKEGEE UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

**REPORT OF PARTIES' PLANNING MEETING**

In accordance with Fed. R. Civ. P. 26(f), discussions were held on June 6, 2025, between Mia Hollingsworth and Tiffany Nichelle Johnson-Cole, attorneys for Plaintiff, and Lynlee Wells Palmer and Daniel Harris, attorneys for Defendant.

**1. Nature of the Claims and Defenses**

Plaintiff's Claims. Plaintiff herein filed this action for declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendant Tuskegee University's unlawful practices, including but not limited to, discrimination by failure to promote and unlawful retaliation against Plaintiff due to her gender and participation in protected processes in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII") and Title IX of the Education Amendments of 1972, as amended 20 U.S.C. §1681-§1688 ("Title IX"). Plaintiff also seeks to recover unpaid overtime compensation as set out in the Fair

Labor Standards Act, 29 U.S.C. § 207 ("FLSA").  Plaintiff incorporates by reference all claims set forth in her complaint.

<u>Defendant's Defenses</u>. Defendant denies Plaintiff's claims and incorporates by reference all defenses in its Answer. Defendant submits that Plaintiff is not entitled to any damages or any type of relief whatsoever.

## 2. Early Settlement Possibility/ Mediation

Settlement possibilities are unknown at this time, as discovery has not yet begun. Pursuant to the Court's Order (Doc. 14), the parties will schedule mediation to occur prior to the discovery deadline.

## 3. Pre-discovery Disclosures.

The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) within fourteen days of the filing of this report.

## 4. Discovery Plan.

The parties jointly propose to the court the following discovery plan:

All discovery must be commenced in time to be completed by **February 5, 2026**.

    a)    Discovery will be needed on these subjects:

        Plaintiff's claims and all other allegations in Plaintiff's Complaint and matters incidental thereto; Defendant's defenses and all responses and averments in Defendant's Answer and matters incidental thereto; the

   location of witnesses; the location of relevant documents (including ESI); and Plaintiff's damages and Defendant's defenses thereto.

b)  Maximum of **30** interrogatories, including discrete sub-parts, by each party. Responses due **30** days after service unless otherwise agreed by the parties or ordered by the Court.

c)  Maximum of **20** requests for admission, including discrete sub-parts, by each party. Responses due **30** days after service unless otherwise agreed by the parties or ordered by the Court.

d)  Maximum of **30** requests for production of documents, including discrete sub-parts, by each party. Responses due **30** days after service unless otherwise agreed by the parties or ordered by the Court.

e)  Maximum number of depositions by each party.

  Plaintiff: 7

  Defendant: 7

  Depositions shall not exceed 7 hours in length, exclusive of breaks, unless agreed to by the parties or ordered by the Court.

f)  Dates for exchanging reports of expert witnesses.

  Plaintiff shall identify expert witness information required by 26(a)(2) of the Federal Rules of Civil Procedure no later than **November 6, 2025**.

Defendant shall identify expert witness information required by rule 26(a)(2) of the Federal Rules of Civil Procedure no later than **December 5, 2025**.

5. **Other Items.**

a) Neither party seeks to meet with the Court before entering a scheduling order.

b) The parties request a pretrial conference in **July 2026**.

c) The deadline for Plaintiffs to amend their pleadings or join parties will be **August 7, 2025**.

d) The deadline for Defendant to amend its pleadings or join parties will be **September 6, 2025**.

e) All dispositive motions shall be filed on or before **March 18, 2026**.

f) The parties have discussed the likelihood of settlement and will continue to do so.

g) Final lists of trial evidence under Fed. R. Civ. P. 26(a)(3) are due 42 days before trial. Parties have 14 days after service of final lists of trial evidence to state objections under Fed. R. Civ. P. 26(a)(3).

h) The parties request trial on or around **August 2026**. They estimate a trial length of approximately 3 days.

i) The parties are unaware of any other matters needing to be brought

before the Court.

Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties consent to service by electronic means of pleadings and other papers covered by Rule 5.

<u>Production of Electronically Stored Information</u>:  Any electronically stored information (ESI) may be produced in .pdf format. Unless doing so would result in undue burden or expense on the producing party, the ESI shall be produced in a searchable format. A requesting party may obtain relevant, non-privileged electronic information in a format other than .pdf upon agreement of the parties or upon a showing of substantial need to the Court for such information in that format.

<u>Claw Back Agreement</u>:  The Parties request entry of the following order pursuant to Fed. R. Evid. 502:

> In the event that any party (the "Discloser") produces material or documents without intending to waive a claim of privilege or confidentiality, the Discloser does not waive any claim of privilege or confidentiality for purposes of this or any other proceeding if, within a reasonable amount of time after the Discloser actually discovers that such material or documents were produced, the Discloser notifies the other party (the "Recipient") of the inadvertent disclosure of privileged or confidential items.  Such notice shall identify the material or documents at issue and provide a privilege log for each in accordance with Fed. R. Civ. P. 26(b)(5)(A). Mere failure to diligently screen documents before producing them does not waive a claim of privilege or confidentiality.
>
> If the Discloser asserts that it inadvertently produced privileged or confidential items in accordance with this Claw Back Agreement, the Recipient shall, within ten (10) business days of the notification, return the specified material or documents and

any copies thereof and permanently destroy any electronic copies thereof. The Recipient shall further confirm such destruction in writing to counsel for the Discloser.

In the event that the Recipient contends the documents are not subject to privilege or confidentiality as asserted by the Discloser in accordance with this Claw Back Agreement, the Recipient may, following the return and destruction described herein, challenge the privilege claim through a Motion to Compel or other pleading with the Court. The parties agree that any review of items by the Judge shall be an in-camera review. Should the Recipient not challenge the Discloser's claim of privilege or confidentiality, or should the Court determine that the documents are in fact subject to privilege or confidentiality, the documents, or information contained therein or derived therefrom, may not be used in this or any other proceeding (whether arbitration or state or federal court). Nothing contained within this Claw Back Agreement shall be deemed to waive any objection that any Party may wish to assert under applicable state or federal law.

The parties agree to provide each other copies of non-party subpoenas for documents at least three business days prior to issuance to assess and assert objections. The parties further agree to provide each other copies of all documents received pursuant to non-party subpoenas within five business days of receipt.

The undersigned has permission to electronically file the foregoing on counsel for Plaintiff's behalf.

Respectfully submitted this 6th day of June 2025.

| ATTORNEYS FOR PLAINTIFF: | ATTORNEYS FOR DEFENDANT: |
|---|---|
| /s/ *Mia Hollingsworth (w/permission)* | /s/ *Lynlee Wells Palmer* |
| Mia Hollingsworth, Esq. | Lynlee Wells Palmer (ASB-4367-T82P) |
| Mia.hollingsworth@gmail.com | Lynlee.Palmer@jacksonlewis.com |
| 4658 Presidential Pkwy, Ste 1100 | Daniel B. Harris (ASB-4081-G61A) |
| Macon, Georgia 31206 | Daniel.Harris@jacksonlewis.com |
| | **JACKSON LEWIS P.C.** |
| Tiffany Nichelle Johnson-Cole | Synovus Center |
| tnijohnson@aol.com | 800 Shades Creek Parkway, Suite 870 |
| **LAW OFFICES OF ROBERT SIMMS THOMPSON, PC** | Birmingham, Alabama 35209 |
| 308 North Elm Street | Direct Dials: 205-332-3096/3097 |
| Tuskegee, Alabama 36083 | Facsimile: 205-332-3131 |